# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 14-10022-EFM
    (Civil Case No. 15-1389-EFM)

VICTOR HERNANDEZ,

    *Defendant.*

## MEMORANDUM AND ORDER

Petitioner Victor Hernandez, proceeding *pro se*, brings this Motion for Reduction of Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 55). In his motion, Petitioner requests that his sentence be reduced from 108 months to 102 months because he received ineffective assistance of counsel during his sentencing. As explained below, the Court denies Petitioner's motion without an evidentiary hearing.

    **I.**    **Factual and Procedural Background**

On February 13, 2014, Petitioner was charged by the grand jury with unlawfully, knowingly, and intentionally possessing with the intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine. On May 28, 2014, the grand jury returned a Superseding Indictment, amending the previous count to five grams or more of methamphetamine and adding three additional charges, including a charge of being an

alien illegally and unlawfully in the United States with possession of a firearm. Pursuant to a plea agreement, Petitioner pled guilty to Count I of the original Indictment on July 7, 2014.

The Court sentenced Defendant on September 22, 2014. Petitioner faced a statutory sentence of five to forty years imprisonment and an advisory guideline range of 135 to 188 months. Petitioner's attorney moved for a variance in his sentence, asking the Court to vary by two levels in anticipation of the adoption of the proposed amendment to the Sentencing Guidelines Drug Quantity Table and its being made retroactive. The Court granted the motion, varied, and imposed a sentence of 108 months. The Court also was aware of Petitioner's immigration status in formulating the sentence.

On December 9, 2015, Petitioner filed a Motion for Reduction of Sentence Pursuant to 28 U.S.C. § 2255. In his § 2255 motion, Petitioner claims ineffective assistance of counsel based on his counsel's alleged failure to seek a downward variance in his sentence due to Petitioner's status as a deportable alien. Petitioner also asked the Court to appoint him counsel.

## II.     Legal Standard

Under § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> [t]he judge who receives the motion must properly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . .

> If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[1] The petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[2] An evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that are contradicted by the record, inherently incredible, or are conclusions rather than statements of fact.[3] A district court may grant relief under § 2255 if it determines "that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."[4]

### III.    Analysis

Petitioner argues that his sentence should be reduced because of the alleged ineffective assistance of his counsel. Specifically, Petitioner asserts that his counsel should have sought a downward variance in his sentence due to the unusually harsh conditions of his confinement based on his status as a deportable alien. In response, the United States argues that Petitioner cannot successfully demonstrate an ineffective assistance of counsel claim.

---

[1] 28 U.S.C. § 2255(b).

[2] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

[3] *See id*. (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

[4] 28 U.S.C. § 2255(b).

In general, to succeed on a claim of ineffective assistance of counsel, a petitioner must meet the two-prong test set forth in *Strickland v. Washington*.[5]  Under *Strickland*, a petitioner must prove that:  (1) his counsel's representation was constitutionally deficient because it fell below an objective standard of reasonableness, and (2) the deficiency prejudiced the petitioner because it deprived him of the right to a fair trial.[6]  To prevail on the first prong, a petitioner must demonstrate that the omissions of his counsel fell "outside the wide range of professionally competent assistance."[7]  This standard is "highly demanding."[8]  Strategic or tactical decisions on the part of counsel are presumed correct, unless they were "completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy."[9]  The reasonableness of the challenged conduct must be evaluated from counsel's perspective at the time of the alleged error.[10]  "[E]very effort should be made to eliminate the distorting effects of hindsight."[11]

With regard to the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."[12]  This requires the court to focus on "whether counsel's deficient performance

---

[5] 466 U.S. 668 (1984).

[6] *Id.* at 687-88.

[7] *Id.* at 690.

[8] *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

[9] *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (internal quotation marks and citation omitted).

[10] *See Edens v. Hannigan*, 87 F.3d 1109, 1114 (10th Cir. 1996).

[11] *Id.* at 1114 (internal quotation marks and citation omitted).

[12] *Strickland*, 466 U.S. at 694.

render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[13] Courts reviewing an attorney's performance must exercise deference, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[14] A failure to prove one of the *Strickland* prongs is dispositive to a petitioner's claim, and a court may dispose of either the first or second prong, whichever is easier to resolve.[15]

In this case, the Court need not look at the first prong because Petitioner has not met his burden to show that he was prejudiced by his attorney's failure to argue for a downward departure. Petitioner makes three arguments as to why his attorney should have argued for a downward departure based on his deportable alien status. First, he claims that Adams County Correctional Center ("ACCC"), where Petitioner is housed, does not meet the minimum standards of health and habitability afforded to inmates. Second, he claims that he will serve "a longer, harder sentence" because he is not eligible for programs that would allow him housing in a minimum security facility or halfway house or that would shorten his sentence. Third, Petitioner asserts that a downward departure is warranted because of the severe post-imprisonment effects of conviction, specifically deportation.

Each of the three conditions Petitioner points to in support of his argument—his placement at ACCC, his ineligibility for minimum security housing or other programs, and his expected deportation—are a collateral effect of his status as a deportable alien. None of these collateral effects, however, provide a valid basis for a downward departure. The Tenth Circuit

---

[13] *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (citing *Strickland*, 466 U.S. at 687).

[14] *Strickland*, 466 U.S. at 690.

[15] *United States v. Orange*, 447 F.3d 792, 796-97 (10th Cir. 2006) (citations omitted).

has held that the collateral consequences of deportable alien status do not warrant a downward departure in sentencing.[16] There is also no Tenth Circuit precedent suggesting that a discretionary downward variance would have been appropriate in this case. Even if the Court exercised such discretion, the Court believes that the circumstances advise against such action. The record shows that the same district judge presided over Petitioner's plea and sentencing and was aware of Petitioner's alienage. The record does not indicate that the Court would be inclined to accept Petitioner's argument and vary downward from the guidelines range because of his alienage. Consequently, Petitioner has not established that he suffered prejudice from his counsel's failure to make such a request.[17] The Court therefore concludes that Petitioner has not demonstrated that his attorney provided constitutionally deficient counsel, and his motion is denied.[18]

---

[16] *See United States v. Mendoza-Lopez*, 7 F.3d 1483, 1487 (10th Cir. 1993), *impliedly overruled on other grounds by United States v. Fagan*, 162 F.3d 1280 (10th Cir. 1998); *see also United States v. Gutierrez*, 506 F. App'x 714, 722 (10th Cir. 2012) ("Our court has determined that deportable alien status is not a ground for departing downward."); *United States v. Tamayo*, 162 F. App'x 814, 814 (10th Cir. Jan. 11, 2006) (holding that the "collateral consequences" of being a deportable alien, such as being ineligible to serve the sentence in a minimum security prison or to spend a portion of it in a halfway house or in home confinement, do not warrant a downward departure).

[17] In support of his position, Petitioner cites the Eighth Circuit's opinion in *United States v. Lopez-Salas*, 266 F.3d 842 (8th Cir. 2001), in which the Eighth Circuit held that deportable alien status may be a valid basis for departure but that a district court should not depart unless the circumstances show the collateral consequences from the defendant's status are atypical and extraordinary. This Court is not obligated to follow the Eighth Circuit's decision in *Lopez-Salas*. But even if it did, Petitioner's argument still fails. Petitioner has not articulated any circumstances that would make his case exceptional, unusual, or atypical. *See Lopez-Salas*, 266 F.3d at 848 (stating that categorical denial from early release is not an unusual or atypical factor).

[18] The Court has considered Petitioner's request for appointment of counsel in connection with the instant motion, but finds that the request should be denied. Rule 8(c) of the Rules Governing Section 2255 Proceedings requires a court to appoint counsel if an evidentiary hearing is held. A court may also appoint counsel under 18 U.S.C. § 3006A(a)(2). Here, the Court has determined that an evidentiary hearing is not required and does not believe the interests of justice warrant appointment of counsel in this case. Therefore, Petitioner's request is denied.

Rule 11 of the Rules Governing Section 2255 Proceedings requires a district court to issue or deny a certificate of appealability upon entering a final adverse order.[19] This certificate "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[20] A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[21] Petitioner fails to meet this standard. The Court therefore declines to issue a certificate of appealability for this Order.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Reduction of Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 55) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 15th day of March, 2016.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[19] Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. foll. § 2255.

[20] 28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a district judge issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1).

[21] *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (internal quotation marks and citation omitted).